LEE, J.,
concurring.
¶ 24. I write separately to emphasize that my concurrence is based solely on DunbarMonroe’s decision to submit the settlement agreement to the chancellor for approval. Once this was done, the chancellor was vested with the authority to rule on all matters touching the settlement including the employment contract. See Humble Oil & Refining Co. v. Rankin, 207 Miss. 402, 412, 42 So.2d 414, 417 (1949). Absent this submission I believe the chancellor would have had no authority to vary the terms of an otherwise valid legal contract.
¶ 25. The dissent would have one presume the chancellor had no authority whatsoever regarding the contract, but I cannot believe the court only had piecemeal authority. What if the contract had been for 90% attorney’s fees? Would the dissent have then thought the chancellor would have some authority? At what point would the dissent find the threshold had been met? The chancellor was requested to approve the contract as well as the settlement, and after reviewing the chancellor’s lengthy analysis of his reasoning, I cannot find that there was an abuse of his discretion.
*383 ¶ 26. The chancery court is a court of equity. In order to find that a fair settlement had been reached, the chancellor must have found fairness touching upon all parties including the payor. If the attorney’s fees contract was too high, then must the payor divvy up more so the plaintiffs proceeds will be fair? Is this fair to the payor? The chancellor viewed the totality of the evidence including the contract, the settlement amount and expenses incurred, and I cannot see how in view of the chancellor’s opinion an adjustment of 6 2/3% was an abuse.
¶ 27. My reasoning in this matter in no way suggests that a 40% contract is unfair. I write merely to point out that under the unique set of facts in this particular case, having been presented with the total package settlement for approval, the chancellor did not under his lengthy reasoning and analysis abuse his discretion, and by my concurrence I do not suggest a precedent that arbitrarily sets a 33 1/3% contingency fee contract as the only amount to be deemed reasonable and appropriate. As stated in the majority and for the reasons cited herein, I cannot find the chancellor abused his discretion, and I therefore would affirm.
KING, P.J., THOMAS AND MYERS, JJ. JOIN THIS SEPARATE WRITTEN OPINION.